634

Eugene G. Gavin, Petitioner *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Respondent.

Argued March 7, 1977, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Eugene G. Gavin,* appellant, for himself.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, April 25, 1977:

This is an appeal by Eugene G. Gavin (Appellant) from a decision of the Unemployment Compensation Board of Review (Board) which held him ineligible for benefits under several sections of the Unemployment Compensation Law[1] (Act). The Board concluded (1) that Appellant was not "unemployed" within the meaning of Sections 401[2] and 4(u)[3] of the Act; and (2) that, in any event, he had voluntarily left his employment without cause of a necessitous and compelling nature and was thus disqualified by Section 402(b)(1).[4] We will affirm.

Appellant was employed as a superintendent of the claims department of the United States Fidelity and Guaranty Company in Scranton, Pennsylvania. At the time of his separation he was paid a $300 per week salary. His last day of work was October 3, 1975.

In 1971, the City Council of the City of Scranton passed a ten-dollar annual Per Capita Tax. In 1972, the Council passed an ordinance establishing a "Household Service Fee." Both ordinances were passed pursuant to authority granted in The Local Tax Enabling Act.[5] Appellant, along with many other Scranton residents, refused to pay and resisted all efforts by the City to collect these taxes. Finally,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. 1937 (2897), *as amended,* 43 P.S. §751 et seq.

[2] 43 P.S. §801.

[3] 43 P.S. §753(u).

[4] 43 P.S. §802(b)(1).

[5] Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §6901 et seq.

the City retained the services of a private collection agency[6] which served notice upon the employers of delinquent taxpayers that such delinquent taxes were to be deducted, under penalty for failure to do so, from the employes' wages and paid over to the City pursuant to Section 19 of The Local Tax Enabling Act.[7] When informed by his employer of this development, Appellant threatened to leave work if any deduction was made. The employer consulted in-house counsel, as well as outside authorities, and was advised that the collection procedure was legal. Consequently, a deduction of $38, the entire amount of Appellant's delinquent Per Capita Tax liability, was made from Appellant's weekly pay on August 22, 1975. On September 10, 1975, Appellant submitted his written resignation, effective as of October 4, 1975. However, a ''severance pay'' arrangement was made by which Appellant continued to receive his salary until December 26, 1975 and remained within the coverage of the company's group life and health insurance programs until January of 1976.

In his appeal, Gavin asserts that the Board erred in (1) concluding that he acted without cause of a compelling and necessitous nature when he quit his employment, and (2) concluding that his ''severance pay'' was ''remuneration'' within the meaning of Section 4(u)(I)(ii) of the Act. We do not reach the second issue, for we conclude that the Board correctly determined that Appellant voluntarily left his employment without cause of a necessitous and compelling nature and was thus ineligible for benefits under Section 402(b)(1).

Appellant has quite frankly admitted, both before the referee and in his brief to this Court, that his

---

[6] *See* Section 10 of The Local Tax Enabling Act, 53 P.S. §6910.

[7] 53 P.S. §6919.

struggle with the taxing authorities of the City of Scranton lay at the heart of his choice to resign from his job. He has not denied that the decision to resign was entirely his own. He does assert, however, that his resignation was necessitated by his resolve to remain firm in his fight against, what he considers to be, illegal and unconstitutional taxes and tax collection procedures. He maintains that he had to either resign or appear "wishy-washy" and "indecisive" in the eyes of department personnel, all to the eventual detriment of the employer. We cannot hold such reasons to be "cause of a necessitous and compelling nature" within the intent of Section 402(b)(1).

Quite simply, Appellant has chosen the path of civil disobedience in his dispute with the City of Scranton. He quit his job because his employer would not join him on that path by refusing to deduct the delinquent taxes from Appellant's salary. His employer displayed the utmost concern for Appellant's position by consulting legal counsel and the taxing authorities before it went ahead with the payroll deductions. Appellant had no right to expect his employer to violate the law on his behalf. No fault can be attributed to the employer for Appellant's resignation.

Unlike the Board in its brief to this Court, we will not characterize Appellant's decision to sacrifice a $15,600 per year job over $38 as *unreasonable*. Both civil disobedience and the making of great sacrifice over sacredly-held principle stand tall in the annals of history in such personages as Socrates, Gandhi, and the fathers of our own American Revolution. It is inconceivable, however, that our Legislature intended to subsidize such a course of action through unemployment compensation. There are various ways for the citizen to seek change in laws which he considers unjust: the vote, the legislative lobby, a

challenge in the proper court, or civil disobedience. Each has its cost; be it merely the time taken to register and vote or the expenditure of large sums in legal fees or lobbying expenses. He who practices civil disobedience must pay the large price of that mode of political expression and cannot expect the government which he defies to indemnify him.

Finally, Appellant has attempted to raise the spectre of due process by challenging the fairness of the proceedings before the compensation authorities. We have carefully examined the record and conclude that this challenge is without merit. Appellant was given a full opportunity to explain his position. All lines of inquiry *relevant* to his *compensation claim* were explored at the hearing, including the taking of testimony and documentary evidence with regard to Appellant's dispute with the taxing authorities insofar as it was relevant to his reasons for resigning. We hasten to note that the compensation authorities quite properly realized that the proceedings before them did not constitute the proper forum for the expression of any view on the validity of the taxes or collection procedures. We affirm.

ORDER

AND Now, this 25th day of April, 1977, the Order of the Unemployment Compensation Board of Review, dated June 2, 1976, denying benefits to Eugene G. Gavin is hereby affirmed.